IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Case No. 10-cv-00476-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LUIS MIGUEL GOMEZ-PINEDA,
    a/k/a Miguel Gomez-Pinada,
    a/k/a Miguel Luis Gomez,

    Defendant.

## TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

Pursuant to Fed.R.Crim.P. 17.1, D.C.COLO.LCrR 26, and REB Cr. Practice Standard IV.A.1., the court enters this **Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That all non-CJA[1] pretrial motions shall be filed by no later than close of business **October 14, 2010**;

2. That a response to a timely filed pretrial motion shall be filed within eleven (11) days of the filing of the pretrial motion;[2]

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at **18 U.S.C. § 3006A**.

[2] Non-CJA motions shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed. *See* **REB Cr. Practice Standard V.B.**, **C.**, and **D**.

1

3. That all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing at a motions' hearing setting conference on **November 1, 2010**, at 11:00 a.m.; at which time the defendant **will not be present**, having waived via counsel his right to appear at this hearing only; provided, furthermore, that if the defendant has waived his right to be present, then counsel may appear in person or by telephone;

4. That counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference;

5. That trial by jury shall commence **November 29, 2010**, at 8:30 a.m., in courtroom A1001, located on the 10th Floor of the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado, at which the defendant shall appear in person without further notice, order, or subpoena;[3]

6. That the court reserves three (3) days for trial;

7. That counsel and the defendant shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

8. That the **Trial Preparation Conference** required by REB Cr. Practice Standard IV.A.1., shall commence on **November 24, 2010**, at 11:00 a.m., in courtroom A1001;

9. That lead counsel and the defendant shall attend the Trial Preparation

---

[3] Any motion brought under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, to vacate or continue the trial shall note and circumstantiate, *inter alia*, the specific amount of time to be excluded in computing the time for speedy trial under the act and shall provide non-conclusory reasons to justify the amount of time to be excluded as provided in ***United States v. Toombs***, 574 F.3d 1262 (10th Cir. 2009). Additionally, any motion to vacate and/or continue the trial shall address the factors enunciated in ***United States v. West***, 828 F.2d 1468, 1469-70 (10th Cir. 1987), pursuant to **REB Cr. Practice Standard** II.E.1.

Conference;

10. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

11. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

    a. stipulated and proposed jury instructions and verdict forms;

    b. *voir dire* questions;

    c. the jury selection process, including alternate jurors, and peremptory challenges:

        1. The use of the one or more alternate jurors [Review Fed.R.Crim.P. 24(c)];

        2. Pretrial designation of the alternate juror(s);

        3. The number and allocation of peremptory challenges [Review Fed.R.Crim.P. 24(b) and (c)(4)]; and

        4. Retention or dismissal of alternate juror(s) [Review Fed.R.Crim.P. 24(c)(3)];

    d. use of juror questionnaires (if a questionnaire is used, the parties shall

surrender their copies for destruction immediately subsequent to completion of jury selection);

 e. identification of all persons permitted to be seated at each party's table;

 f. the pronunciation of problematic party's and witness' names;

 g. the names or monikers that may be used when referring to the defendant or a witness;

 h. identification of "will call" and "may call" witnesses;

 i. use of deposition testimony:

  1. designation of specific testimony by page and line; and

  2. identification of the person selected to read deposition answers;

 j. use of video depositions:

  1. resolution of objections;

  2. pretrial redaction, if necessary; and

  3. arrangements for necessary equipment to broadcast the deposition;

 k. the admission of stipulated exhibits or exhibits about which there are no objections;

 l. the use of juror trial exhibit notebooks and the timing of the distribution of such notebooks;

 m. the allocation of trial time between the parties;

 n. the necessity for cautionary or limiting instructions;

 o. timing and manner of publication, if any, of trial exhibits to the jury;

 p. appropriate attire and clothing for defendant(s); and

      q. security issues;

12. That consistent with REB Cr. Practice Standard IV.C.3.b., each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

13. That pending further court order, the jurors shall not be sequestered before deliberations;

14. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

15. That opening statements shall be limited to **thirty (30)** minutes per party;

16. That the court will not engage in the examination of any witness, except to eschew plain error;

17. That pursuant to REB Cr. Practice Standard III.D.3.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

18. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury [Review Fed.R.Evid.103(c) and 104(c)];

19. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

20. That to eliminate or minimize bench or sidebar conferences, each party shall

be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

      21. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Cr. Practice Standard IV.C.5., the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and the defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. D-1, D-2, D-3, etc.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories; and

      22. That closing argument shall be limited to forty-five **(45)** minutes total for each party.

      Dated September 29, 2010, at Denver, Colorado.

                                       **BY THE COURT:**

                                       */s/ Robert E. Blackburn*
                                       Robert E. Blackburn
                                       United States District Judge